Ezekiel B. Smith, plaintiff in error, *vs.* James Whittle, defendant in error.

John Durden, administrator, plaintiff in error, *vs.* James Whittle, defendant in error.

A homestead, set apart to the defendant in execution, under the Act of 1868, though conveyed to the claimant with the approval of the Ordinary, is nevertheless subject to a judgment against said defendant, rendered before the passage of said Act.

Homestead.   Judgments.   Before Judge JAMES JOHNSON. Talbot Superior Court.   September Term, 1873.

The two foregoing cases, embracing the same question, were argued and determined together.

For the facts of this case, see the decision.

WILLIS & WILLIS; MARION BETHUNE; E. H. WORRILL, for plaintiffs in error.

B. B. HINTON & SON, for defendant.

WARNER, Chief Justice.

This was a claim case, and comes before this Court on a bill of exceptions to the charge of the Court at the trial thereof. In 1862, the plaintiff in execution obtained a judgment against the defendants.  In 1869, a homestead was set apart to the defendants, which was subsequently conveyed by deed to the claimant for a valuable consideration, with the approval of the Ordinary.   The property was levied on as the property of the defendant in execution.   The Court charged the jury, in substance, that, upon the foregoing statement of facts, the property was not subject to the execution levied thereon, to which charge the plaintiff excepted.   This case comes within the ruling of this Court, in *Gunn vs. Thornton*, decided at the last term, and therefore must be controlled by it.

The case of Durden, plaintiff in execution, *vs.* Walton, defendant, and Whittle, claimant, in which the same question is involved, was argued in connection with the case first stated. In our judgment the Court below erred in its charge to the jury in both cases.

Let the judgment of the Court below, in both cases, be reversed.